IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ARSENIO C BRUNDIDGE,            :
                               :
          Petitioner,          :
                               :     CASE NO. 4:15-cr-12-CDL-MSH
v.                             :          28 U.S.C. § 2255
                               :
UNITED STATES OF AMERICA,       :
                               :
          Respondent.          :
_____

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court are Petitioner's motions seeking vacation of his sentence under 28 U.S.C. § 2255 (ECF Nos. 72, 88, 99) and appointment of counsel (ECF No. 73). For the reasons explained below, it is recommended that Petitioner's motions to vacate be denied. Petitioner's motion for appointment of counsel is denied.

## BACKGROUND

Petitioner was indicted in this Court on March 10, 2015, for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and possession of cocaine in violation of 21 U.S.C. § 844. Indictment 1-2, ECF No. 1.

Petitioner's trial commenced on September 9, 2015. Deputy Powell of the Muscogee County Sheriff's Office testified that while serving civil papers on November 3, 2014, he saw Petitioner in the Bibb City area of Muscogee County. Trial Tr. vol. 1, 35-36, ECF No. 65. Powell confirmed there were outstanding warrants for Petitioner's arrest,

called for back-up, and was joined by Corporal Newton and Deputy Weiss of the Muscogee County Sheriff's Office. *Id.* at 39. Powell and Weiss approached Petitioner while Newton went around the back of the building near where Petitioner was standing. *Id.* at 39-40, 96. Petitioner saw Powell and Weiss, ran around the back of the building, saw Newton, then ran toward some nearby houses and jumped over a wooden privacy fence. *Id.* at 40-42, 96-97. Powell testified he pursued Petitioner and saw him throw a black firearm "at an angle over the house area." *Id.* at 43-44, 75. Powell tased Petitioner without any effect. *Id.* at 43. He then broke off his pursuit to collect the firearm. Trial Tr. vol. 1, 45-46. Newton testified he was behind Powell and also deployed his taser without success prior to heading back to his vehicle; Newton said he did not see Petitioner discard anything. *Id.* at 99-100, 102. Weiss testified that when he saw Petitioner scaling the fence, he left Powell and Newton in an unsuccessful attempt to cut Petitioner off. *Id.* at 106. He did not see what Petitioner did after scaling the fence, though he did hear mention of a gun. *Id.* at 107.

The officers testified there was a period of time that they lost sight of Petitioner, but they differed as to for how long. Powell testified that the entire pursuit was about thirty seconds to one minute. *Id.* at 55. Weiss testified they lost contact with Petitioner for "three to four minutes approximately." *Id.* at 107. Petitioner was located nearby, however, and arrested. Trial Tr., vol. 1, 47. Powell and Weiss testified that they found cocaine while searching Petitioner's person. *Id.* at 48, 110.

On September 10, 2015, Petitioner was convicted on both counts of the indictment. Jury Verdict 1-2, ECF No. 30; J. 1, ECF No. 44. He was sentenced to 235 months imprisonment for possession of a firearm by a convicted felon and 12 months—to be served

concurrently—for possession of cocaine, and five years supervised release.   J. 2-3. Judgment was entered on January 28, 2016.  *Id.*

Petitioner appealed his conviction to the U.S. Circuit Court of Appeals for the Eleventh Circuit on February 9, 2016 (ECF No. 46).  While that appeal was pending, Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 72) and sought appointment of counsel (ECF No. 73).  This Court stayed ruling on the motion to vacate, pending the Eleventh Circuit's decision on Petitioner's appeal, on June 22, 2016.  Text-only Order, ECF No. 76.  On September 13, 2017, the Eleventh Circuit affirmed Petitioner's convictions (ECF No. 77).  This Court lifted its stay on October 30, 2017 (ECF No. 79).  Respondent filed a response to the Petitioner's original motion to vacate on February 14, 2018 (ECF No. 82).  Petitioner filed an amended motion to vacate on April 2, 2018, and Respondent filed a response on May 2, 2018 (ECF Nos. 88, 89).  Petitioner filed a reply brief on July 13, 2018 (ECF No. 98).  Petitioner filed a second amended motion to vacate on December 6, 2018 (ECF No. 99).

## DISCUSSION

### I.      Motion to Appoint Counsel

Petitioner argues that he should be appointed counsel because the issues in his petition are "complex" and require a "skilled attorney."  Mot. to Appoint Counsel 1, ECF No. 73.

Defendants are not generally entitled to appointment of counsel for collateral proceedings. *See, e.g., Johnson v. Avery*, 393 U.S. 483, 487 ("In most federal courts, it is

the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."). Under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." According to that code section, a movant seeking relief under 28 U.S.C. § 2255 may be provided counsel if they are financially eligible and "the United States magistrate judge or the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2).

Here, the Court finds that an evidentiary hearing is not warranted. The facts stated in Petitioner's § 2255 motion are not unusually complicated and the law governing his claims is neither novel nor complex. The Court finds that the interests of justice do not insist Petitioner be appointed counsel. Accordingly, Petitioner's motion seeking appointed counsel (ECF No. 73) is denied.

## II.    Petitioner's § 2255 Motion

Petitioner raises four arguments in his motion to vacate. First, he contends his sentence under 18 U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA")—was improper. Mot. to Vacate 1, ECF No. 72. Next, he argues he received ineffective assistance of trial and appellate counsel. Am. Mot. to Vacate 9-10, ECF No. 88; 2nd Am. Mot. to Vacate 2, ECF No. 99. Finally, he contends there was insufficient evidence to support his conviction. Am. Mot. to Vacate 2-9.

A.   <u>ACCA</u>

Citing *Johnson v. United States*, 135 S.Ct. 2551 (2015), Petitioner alleges the Court erred in using his 2010 burglary conviction to enhance his sentence under the ACCA.  Mot. to Vacate 1; 2nd Am. Mot. to Vacate 1.[1]  The ACCA states that where a defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1).  For ACCA purposes, a "violent felony" is defined as:

> any crime punishable by imprisonment for a term exceeding one year… that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another….

18 U.S.C. § 924 (e)(2)(B).  Subsection (i) is known as the "elements clause," while the specific crimes listed in subsection (ii) are known as the "enumerated crimes."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The portion of subsection (ii) referring to conduct that "presents a serious potential risk of physical injury to another[,]" is known as the "residual clause."  *Id.*  In *Johnson*, the Supreme Court ruled that enhancing a sentence based on this "residual clause" violates due process because it is unconstitutionally vague.  *Johnson*, 135 S.Ct. at 2557-60.

---

[1] Petitioner's sentence was enhanced under the ACCA based on three prior convictions: possession of cocaine with intent to distribute on April 24, 2006, burglary on December 29, 2010, and possession of cocaine with intent to distribute on February 10, 2012.  Indictment 1-2, ECF No. 1; PSR ¶¶ 56, 60, 64, ECF No. 42.  Petitioner has not challenged the use of the two drug convictions for enhancement.

Petitioner's claim under *Johnson* is procedurally barred. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam). *Johnson* was decided in 2015, well before Petitioner's sentencing or appeal. Petitioner's appellate counsel, however, did not allege Petitioner was improperly sentenced under the residual clause. Instead, he argued Petitioner's burglary conviction was not a predicate offense under the enumerated crimes clause. Supp. Br. of Appellant at 7-14, *U.S. v. Brundidge*, No. 16-10571 (11th Cir. Sept. 30, 2016).[2] Petitioner's claim for relief under *Johnson*, therefore, is procedurally defaulted.

Moreover, even if this ground was not barred, Petitioner's claim would fail.[3] The Eleventh Circuit has stated that in order prove a claim under *Johnson*, a petitioner must show by a preponderance of the evidence that "the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony[.]" *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017). "[I]f it is just as likely that the sentencing court relied on the elements or

---

[2] Petitioner's appellate briefs are not in the record. However, the Court takes judicial notice of the relevant Eleventh Circuit records. *Watson v. Stone*, No. 4:13-cv-480-CDL, 2013 WL 6072894, at *1 n.1 (M.D. Ga. Nov. 18, 2013); *Bailey v. United States*, Nos. 3:11-cr-00054-CAR-CHW-1, 3:15-cv-00051-CAR-CHW, 2015 WL 11022852, at *5 n.3 (M.D. Ga. Sept. 29, 2015); Fed. R. Evid. 201(b).

[3] Although procedurally defaulted, the Court addresses the merits of Petitioner's *Johnson* claim because he has alleged appellate counsel was ineffective for not raising it on direct appeal. 2nd Am. Mot. to Vacate 1-2.

enumerated offenses clause, solely or as an alternative basis for the enhancement," then the petitioner has not met his burden.  *Id.* at 1222.  Where the record is unclear, the petitioner loses.  *Id.* at 1224-25.

Petitioner has not met his burden of showing the Court relied on the residual clause in enhancing his sentence.  The Court did not discuss the issue at sentencing, and while the Pre-Sentence Report ("PSR") listed the burglary conviction, it did not specify whether it qualified as an ACCA offense pursuant to the residual clause as opposed to the enumerated offenses or elements clause.  *See generally* Sentencing Tr., ECF No. 67; PSR ¶ 60, ECF No. 42.  Moreover, as burglary is specifically listed as an enumerated offense under the ACCA, it is just as likely that the Court relied on the enumerated crimes clause, solely or as an alternative basis for enhancement.  *See Ubele v. United States*, 742 F. App'x 417, 420 (11th Cir. 2018) (per curiam) (finding that as arson was listed as an enumerated offense under the ACCA, it was just as likely that the court relied on the enumerated offenses clause for enhancement).[4]  Because the record is silent on the issue, Petitioner has failed to meet his burden, and his claim must be denied.  *Harris v. United States*, 737 F. App'x 974, 978 (11th Cir. 2018) (per curiam).

---

[4] Respondent correctly points out that on direct appeal, the Eleventh Circuit used the modified categorical approach to conclude that Petitioner's burglary conviction qualified as an ACCA predicate offense under the enumerated crimes clause.  *U.S. v. Brundidge*, No. 16-10571, at *5-6 (11th Cir. Sept. 13, 2017), ECF No. 77.  However, the Court did not address the specific issue raised here, which is whether the sentencing court relied on the enumerated crimes clause as opposed to the residual clause in sentencing Petitioner.

B.    Ineffective Assistance of Trial Counsel

Petitioner also argues he is eligible for relief under 28 U.S.C. § 2255 because trial counsel was unconstitutionally ineffective.    Specifically, he alleges trial counsel was deficient in not objecting when the Court refused the jury's requests to read the police report and re-hear testimony from Powell and Newton, not requesting DNA testing on the firearm, not reviewing the PSR with Petitioner prior to sentencing, and failing to object to the Court's use of the residual clause to enhance his sentence.  Am. Mot. to Vacate 9-11; 2nd Am. Mot. to Vacate 1-2.

*1.    Legal Standard*

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish, by a preponderance of the evidence, that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  However, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter,* 562 U.S. 86, 104 (2011) (quoting *Strickland,* 466 U.S. at 689 (1984)).

To establish deficient performance, a petitioner must prove their counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). To show that counsel's performance was unreasonable, a petitioner must establish that no

8

competent counsel would have taken the action in question. *Van Poyck v. Florida Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam).

To satisfy the prejudice prong, a petitioner must show there is a reasonable probability that, but for counsel's inadequate representation, "the result of the proceedings would have been different." *Meeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000). If a petitioner fails to establish that he was prejudiced by the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). A petitioner's burden when bringing an ineffective assistance claim "is not insurmountable" but "is a heavy one." *Chandler*, 218 F.3d at 1314.

### 2. *Jury Requests*

Petitioner alleges trial counsel was ineffective in not objecting to the Court's refusal to let the jury review the police report and re-hear testimony. Am. Mot. to Vacate 9. Counsel's decisions were neither deficient nor prejudicial. The police report was not in evidence, and so the Court's refusal to allow the jury to see it was correct. Trial Tr., vol. 1, 212-13; *see Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 190 (4th Cir. 1994) ("[A] bedrock principle of American jurisprudence is that jurors render verdicts based on the admitted evidence."). The Court denied the jury's request to re-hear testimony because a certified transcript was not available. Trial Tr., vol. 2, 59, ECF No. 66. Allowing a witness's testimony to be re-read, moreover, is within the district court's broad discretion. *U.S. v. Stepherson*, 383 F. App'x 853, 856 (11th Cir. 2010) (per curiam). Any objections, therefore, would have been without merit, and refusing to make meritless objections does not constitute ineffective assistance of counsel. *Taylor v. United States*, No. 16-12138-K,

2017 WL 5202358, at *4 (11th Cir. Aug. 18, 2017) (unpublished).  This claim is without merit.

### 3.    *Failure to Request DNA Testing*

Petitioner alleges trial counsel was ineffective because he did not request DNA testing on the firearm.  Am. Mot. to Vacate 8.  Petitioner indicates he asked counsel to do so but trial counsel demurred, telling Petitioner it was the Government's job to prove his guilt, not counsel's job to prove his innocence.  *Id*. at 7.  Petitioner argues DNA testing would prove he never touched the firearm.  *Id.*

Based on Petitioner's account, trial counsel's decision to not seek DNA testing was a strategic one.  "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  *U.S. v. Roberts*, 417 F. App'x 812, 823 (10th Cir. 2011).  "To be effective," moreover, a lawyer is not required to pursue every path until it bears fruit or until all hope withers."  *Williams v. Head*, 185 F.3d 1223, 1237 (11th Cir. 1999).  Here, trial counsel chose to focus on the absence of Petitioner's fingerprints on the firearm.  Trial Tr., vol. 2, 34-35.  This was "within the wide range of reasonable professional assistance," and does not constitute deficient performance.  *See Harrington,* 562 U.S. at 104.

### 4.    *Review of Pre-Sentence Report*

Petitioner alleges trial counsel did not sufficiently review the PSR with him prior to sentencing.  He states trial counsel only discussed the report "minutes before" sentencing—depriving Petitioner of "the proper amount of time to object."  Am. Mot. to Vacate 9-10.

However, during sentencing, trial counsel was given time to discuss the PSR with Petitioner, and the Court initiated the following exchange:

> THE COURT: Mr. Brundidge, have you now had an opportunity to go over your presentence report with your attorney?
>
> THE DEFENDANT: Yes, sir.
> ….
> THE COURT: Do you understand the report, Mr. Brundidge?
>
> THE DEFENDANT: Yes, sir.

Sentencing Tr. 4-6. Petitioner was then given the opportunity to address the Court, and presumably inform the Court of the lack of time to review the report, but Petitioner refused. *Id*. at 9-10. Petitioner has thus failed to show trial counsel was deficient.

In addition, Petitioner has not shown prejudice. He has only objected to the PSR's use of the burglary conviction to enhance his sentence. As discussed above, the Court committed no error in using the burglary as a predicate offense under the ACCA. This claim is groundless.

### 5. *Johnson Claim*

Petitioner argues trial counsel was ineffective for not objecting to the Court's alleged reliance on the residual clause in enhancing his sentence under the ACCA. 2nd Am. Mot. to Vacate 1-2. He asserts the residual clause "was used to classify Brundidge's prior conviction of [b]urglary as a crime" and it was error for trial counsel to not raise the issue at sentencing. *Id.* As discussed above, however, the PSR did not mention the residual clause and the Court never cited it as the basis for its enhancement. *See generally* Sentencing Tr.; PSR ¶ 60. There was no meritorious objection to raise.

Further, even if trial counsel had objected and demanded to know the basis for the ACCA enhancement, it is wholly speculative to assume the Court would have cited the residual clause, especially in light of the fact that burglary is an enumerated offense and *Johnson* had struck down the residual clause several months earlier. Such speculation is insufficient to satisfy the prejudice prong of *Strickland*. *See Johnson v. Alabama*, 256 F.3d 1156, 1183 (11th Cir.2001) ("pure speculation" is insufficient to demonstrate ineffective assistance of counsel). This claim lacks merit.

C.      Ineffective Assistance of Appellate Counsel

Petitioner asserts appellate counsel was ineffective for not arguing that the evidence was insufficient to support his conviction and for not raising the Court's alleged reliance on the residual clause in sentencing. Both claims are without merit.

1.      *Legal Standard*

The standard for ineffective assistance of appellate counsel is a "slight variation" on the *Strickland* test. *Hall v. Warden, Lee Arrendale State Prison*, 686 F. App'x 671, 677 (11th Cir. 2017) (per curiam). To prevail, a petitioner "must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal." *Id.* He must then "show a reasonable probability that, but for his counsel's unreasonable failure [ ] he would have prevailed *on his appeal*." *Id.* at 677-78 (emphasis in original).

"[A] criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal" and "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Payne v. U.S.*, 566 F.3d 1276, 1277 (11th

12

Cir. 2009) (per curiam) (citations omitted).  As such, "it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues." *Id.*

>    2.    *Sufficiency of the Evidence*

Petitioner argues appellate counsel was ineffective for not arguing that the evidence was insufficient to support his conviction.  Am. Mot. to Vacate 10.  Appellate counsel raised two grounds on appeal—prosecutorial misconduct and the use of his burglary conviction as a predicate offense under the ACCA.  *U.S. v. Brundidge*, No. 16-10571, at *2 (11th Cir. Sept. 13, 2017), ECF No. 77.  These were both reasonable arguments.

The argument that the evidence was insufficient to support a conviction is a weak one.  Petitioner has pointed to inconsistencies in witness statements and lack of physical evidence, but, an appellate court views the "evidence in the light most favorable to the government" and "[q]uestions of credibility and weight of the evidence are left to the jury[.]" *U.S. v. Amar*, 486 F. App'x 24, 25 (11th Cir. 2012) (per curiam) (citation omitted). An appellate court will "affirm [a conviction] when the record provides a reasonable basis for [it]." *Id.*  Here, there was eyewitness testimony that Petitioner possessed a firearm and cocaine.   Trial Tr., vol. 1, 44, 48, 110.  This provided a reasonable basis for Petitioner's conviction, and appellate counsel was not deficient in pursuing other grounds on appeal. Moreover, Petitioner cannot show there was a reasonable probability he would have prevailed had the issue been raised.  This argument is without merit.

### 2.    *Johnson Claim*

Petitioner asserts appellate counsel was ineffective for not arguing that the Court relied on the residual clause in enhancing his sentence under the ACCA.  2nd Am. Mot. to Vacate 1-2.  Appellate counsel argued that Petitioner's burglary conviction did not qualify for enhancement under the enumerated crimes clause.  *See generally* Supp. Br. of Appellant, Brundidge.  When appellate counsel filed his brief, the Eleventh Circuit had not decided *United States v. Gundy*, 842 F.3d 1156 (2016), in which it held that the modified categorical approach could be used to determine if a conviction under Georgia's burglary statute qualified as a violent felony under the ACCA's enumerated crimes clause.[5] Considering the uncertain status of Georgia burglary convictions for ACCA enhancement prior to *Gundy*, appellate counsel's argument was a reasonable one.  Moreover, as discussed above, the record's silence regarding reliance on the residual clause means that, even had appellate counsel raised the issue, it would have been unsuccessful.  Petitioner's claim, therefore, fails.

### D.    Sufficiency of the Evidence

Petitioner contends his convictions should be vacated due to insufficiency of the evidence.  Am. Mot. to Vacate 2-9.   He specifically cites alleged inconsistencies in the witness testimony along with the absence of fingerprint or DNA evidence.  *Id.*

---

[5] Appellate counsel's brief was filed on September 30, 2016.  Supp. Br. of Appellant, Brundidge. The *Gundy* decision was issued on November 23, 2016.  *United States v. Gundy*, 842 F.3d 1156 (2016).

14

Petitioner did not raise this issue on direct appeal, and it is procedurally barred. *Lynn*, 365 F.3d at 1234. "A [petitioner] can avoid a procedural bar … by [showing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. *Id.* (emphasis in original) (citations omitted). A petitioner may also overcome procedural default if he can "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible," however, "a claim of actual innocence must be based on new, reliable evidence that was not presented at the trial." *McDuffie v. U.S.*, No. 16-14147-D, 2017 WL 6606916, at *5 (11th Cir. Oct. 31, 2017) (unpublished). Petitioner has not shown there was cause for his default or that he has suffered actual prejudice or constitutional violations. Therefore, his claim is procedurally barred.

## III.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court denies a collateral motion on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,

15

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. Petitioner cannot meet either of these standards and, therefore, a certificate of appealability in this case should be denied.

**CONCLUSION**

For the reasons explained above, it is recommended that Petitioner's motions to vacate under § 2255 (ECF Nos. 72, 88, 99) be denied. Petitioner's motion for appointed counsel (ECF No. 73) is denied. Additionally, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 27th day of December, 2018.

/s/ Stephen Hyles                              
UNITED STATES MAGISTRATE JUDGE

16